# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON MATOS,<br>    Plaintiff | :<br>:<br>: |
| v. | :    C.A. No.: |
| DORMAN'S AUTO CENTER, INC.,<br>    Defendant | :<br>:<br>: |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against the Defendant Dorman's Auto Center, Inc. ("Dorman's") seeking compensatory, punitive, and liquidated damages as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* ("RIMWA").

### II. Parties

1. The Plaintiff, Jason Matos, is a resident of the City of Attleboro, County of Bristol, Commonwealth of Massachusetts, and was an employee, within the meaning of the FLSA and the RIMWA, employed by Defendant Dorman's.

2. Defendant Dorman's is a Rhode Island corporation that maintains a regular place of business located in the City of Pawtucket, County of Providence, State of Rhode Island.

3. At all relevant times, Defendant Dorman's was engaged in the stream of interstate commerce and was the Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

4. Defendant Dorman's is, and at all times hereinafter mentioned was, an enterprise with the meaning of 29 U.S.C. 203(r).

5.  Defendant Dorman's, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

### III. Jurisdiction

6.  This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216 and supplemental jurisdiction over the Plaintiff's claims under the RIMWA pursuant to 28 U.S.C. §1367.

### IV. Venue

7.  Venue is proper in this Court insofar as Defendant Dorman's is deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

8.  In or about September, 2013, the Plaintiff was hired by Defendant Dorman's as a transportation driver.

9.  Throughout his employment, the Plaintiff was paid at an hourly rate of $14.00 per hour.

10. Defendant Dorman's required the Plaintiff to operate a company vehicle to transport other vehicles for automobile dealerships, automobile auctions, and automobile recovery/repossession companies.

11. As part of the Plaintiff's duties, Defendant Dorman's required the Plaintiff to travel interstate to Massachusetts, Connecticut, New York and New Hampshire.

12. During the duration of the Plaintiff's employment at Defendant Dorman's, Defendant Dorman's required the Plaintiff to work hours in various workweeks without compensation.

13. During various workweeks, Defendant Dorman's failed and/or refused to compensate the Plaintiff for all hours worked.

14. In fact, Defendant Dorman's regularly required the Plaintiff to work in excess of sixty-five (65) to seventy (70) hours per week.

15. That the Plaintiff regularly reported to Defendant Dorman's that he worked in excess in excess of sixty-five (65) to seventy (70) hours per week.

16. Defendant Dorman's knowingly and consistently failed and/or refused to compensate the Plaintiff at his hourly rate of pay for all hours worked.

17. The FLSA and the RIMWA requires an employer to pay its employees a minimum wage for each hour worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

18. However, in the event an employer, like the Defendant, fails to pay an employee for all hours worked in a workweek, the proper measure of minimum wage due for uncompensated hours is the contracted hourly rate.

19. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq*.

20. The Plaintiff's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. § 541.100(a)

3

21. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

22. Nor did the Plaintiff's primary job duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

23. Despite the fact that the Plaintiff was a non-exempt employee, Defendant Dorman's failed to pay the Plaintiff for all hours worked as required by the FLSA and the RIMWA.

24. Defendant Dorman's willfully and repeatedly violated the provisions of the FLSA and the RIMWA by failing to pay Plaintiff for all hours worked.

25. As a proximate result of Defendant Dorman's acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other harm.

### VI. Claims for Relief

26. The Plaintiff incorporates the allegations contained in ¶¶1 through 25 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §207

27. Defendant Dorman's, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff due wages,

thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

## Count Two
## Violation of the RIMWA, R.I.G.L. § 28-12-1, *et seq.*

28. Defendant Dorman's, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff due wages, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### VII. Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. a declaratory judgment declaring that Defendant Dorman's willfully violated the FLSA and the RIMWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that Defendant Dorman's violated the FLSA and the RIMWA in the manner complained of herein;

3. an award of compensatory damages, plus pre-judgment interest thereon;

4. an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

5. an award of punitive damages;

6. an award of reasonable attorneys' fees and costs of litigation;

7. an award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a); and,

8. an award of such other and further relief as this Honorable Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, and Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY

Dated: April 19, 2017

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 19th day of April, 2017 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano